

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-25-2006

# Johnson v. Hoffa

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1442

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Johnson v. Hoffa" (2006). *2006 Decisions.* Paper 701.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/701

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-1442

———————

JOSHUA JOHNSON,
                              Appellant

v.

JAMES P. HOFFA;
EDWARD F. KEYSER, JR.;
INTERNATIONAL BROTHERHOOD OF TEAMSTERS;
JAMES E. SMITH, JR.; LEO REILLY; CHARLES ARGEROS;
PAUL VANDERWOUDE; BRIAN KADA

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 03-cv-6260
(Honorable Juan R. Sanchez)

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 27, 2006

Before:  SCIRICA, *Chief Judge*, NYGAARD and ALARCÓN[*], *Circuit Judges*

(Filed: July 25, 2006)

———————

OPINION OF THE COURT

———————

SCIRICA, *Chief Judge*.

_____

[*]The Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Judicial Circuit, sitting by designation.

Joshua Johnson appeals the Fed. R. Civ. P. 12(b)(6) dismissal of his civil RICO action. We will affirm.

## I.

Johnson's claim arises out of a series of power struggles within the International Brotherhood of Teamsters, AFL-CIO. Johnson was a member of IBT Local 115. He was employed as Organizing Representative in January 1999, when he brought information about the alleged racketeering activities of several other members to the attention of John Morris, the principal officer of Local 115. Johnson alleged that various union members violated statutes related to trafficking in contraband cigarettes, operating and supervising illegal gambling activities, fraudulently charging Local 115 for "rehabilitation services," and trafficking in controlled substances. Beginning around January 1999 and upon Morris's direction, Johnson investigated these allegations, over a seven-month period.

On November 15, 1999, James P. Hoffa, General President of the IBT, imposed an emergency trusteeship over Local 115 and removed Morris as principal officer. Johnson was terminated from his employment both as organizing representative with the union and as an employee at Electro-Nite, a union shop, after the trusteeship was imposed and after appellees reviewed the files connected to Johnson's investigation. Johnson alleges that shortly thereafter, various appellees intimated, physically assaulted, and extorted him.

2

Johnson brought this action seeking damages under 18 U.S.C. § 1964(c).[1] Johnson contends the Teamsters engaged in a pattern of racketeering activity and a conspiracy directed at removing Morris as the principal officer of Local 115 in order to impose a trusteeship. He argues the Teamsters' alleged racketeering activity and Morris' removal harmed Johnson's property interests in his employment, his reputation, and his membership in a racketeer-free union. The District Court granted appellees' Rule 12(b)(6) motion to dismiss, holding Johnson's did not have standing under § 1964(c), both because Johnson's job loss did not occur "by reason of" the Teamsters' racketeering activity, and because his property interests in his reputation and membership in a racketeer-free union are not interests RICO protects. Johnson appeals, claiming the District Court erred in its standing determination.[2]

## II.

We exercise plenary review over the District Court's grant of a motion to dismiss for failure to state a claim. *Lum v. Bank of Am.*, 361 F.3d 217, 233 (3d Cir. 2004). On an appeal from a Rule 12(b)(6) dismissal, we treat all of the allegations in the plaintiff's

---

[1] The statute provides, in part, that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court . . . ."

[2] Johnson does not challenge the District Court's holding that his property interests in his reputation and membership in a racketeer-free union are not interests RICO protects. Accordingly, Johnson has waived these issues. *See Travitz v. N.E. Dep't ILGWU Health & Welfare Fund*, 13 F.3d 704, 711 (3d Cir. 1994). Johnson continues to maintain a property interest in his employment.

complaint as true. *Anderson v. Ayling*, 396 F.3d 265, 267 (3d Cir. 2005). Johnson's claim may only be dismissed "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Lum*, 361 F.3d at 233. But we "need not accept as true unsupported conclusions and unwarranted inferences." *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 184 (3d Cir. 2000). We also exercise plenary review over the District Court's determination that Johnson lacked standing to pursue his claims under 18 U.S.C. § 1964(c). *See Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000).

### III.

Johnson challenges the District Court's determination that his job loss did not occur "by reason of" the Teamster's racketeering activity. To maintain a civil RICO action, Johnson must show proximate causation between appellees' RICO violations and his injuries. *See Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268 (1992). But "injury caused by an overt act that is not an act of racketeering or otherwise wrongful under RICO . . . is not sufficient to give rise to a cause of action under § 1964(c) for a violation of § 1962(d)." *Beck v. Prupis*, 529 U.S. 494, 505 (2000). For an overt act to qualify as "an act of racketeering or otherwise wrongful under RICO," that act must be "independently wrongful" under some "substantive provision" of the RICO statute. *Id.* at 505–06. An allegation that a plaintiff is injured "merely by a non-racketeering act in furtherance of a broader RICO conspiracy" is insufficient to confer standing under the statute. *Anderson,* 396 F.3d at 269.

4

Johnson's allegations do not directly link a substantive RICO violation to his loss of employment. Johnson contends appellees terminated his employment after reviewing files related to his investigation of corruption and racketeering activity. Properly understood, Johnson does not claim the act of termination was itself "independently wrongful" under any of RICO's substantive provisions—rather, he claims the act of termination was related to an overall RICO conspiracy and was intended to further that conspiracy. But this is precisely the kind of circumstance both *Beck* and *Anderson* held would not confer RICO standing on a plaintiff.

In *Beck*, the plaintiff, an employee at an insurance company, discovered the company's directors were engaged in racketeering activities. After Beck contacted regulators about the company's financial statements, the directors falsified a report and used that report to terminate him from his employment. The Supreme Court held that, even though Beck's job loss was in furtherance of a RICO conspiracy, the racketeering activity did not proximately cause his injury because it was not independently wrongful under any substantive provision of the statute. *Beck*, 529 U.S. at 506.

*Beck* is precisely on point. Like the plaintiff's injury in *Beck*, Johnson's only injury here—his employment termination—was not proximately caused by the appellees' racketeering activity because it was not independently wrongful under any substantive provision of the RICO statute.[3] Even though Johnson allegedly lost his job in furtherance

---

[3] 18 U.S.C. § 1961(1) catalogues an exhaustive list of "racketeering activities" RICO

(continued...)

of appellees' RICO conspiracy, RICO standing requires more. None of Johnson's allegations meet the bar set by *Beck*.

In *Anderson,* we noted the "possib[ility] that a predicate act of racketeering that *directly* caused a plaintiff to lose his job could create civil RICO standing." 396 F.3d at 269–70. But no link between Johnson's job loss and appellees' racketeering activities (trafficking in contraband cigarette and controlled substances, operating an illegal gambling business, or fraudulently charging Local 115 for rehabilitation services) is any more direct than was the link between Beck's job loss and his directors' racketeering activities. Accordingly, the District Court's Rule 12(b)(6) dismissal was not error.[4]

Johnson also alleges other acts—namely, physical assault, extortion, and mail fraud—apart from the act of termination, which he argues are all related to his job loss. But he could not have been terminated, as he claims, "by reason of" these "predicate" acts: each act occurred after his employment termination. *See Anderson*, 396 F.3d at 271

---

[3](...continued)
encompasses. None includes or mentions employment termination.

[4] Johnson also claims the District Court erred by finding he "was fired because the National Labor Relations Board had an outstanding contempt order against him, and for his violent behavior," and then by using that finding in its holding. (App. 8.) The relevant paragraph in the complaint is part of a reference to Hoffa's November 15, 1999 notice that he was placing Local 115 in a trusteeship. In his complaint, Johnson claims the allegation (among others) is false. Although Johnson does not explicitly offer any alternative reason for his termination, a fair reading of the complaint as a whole suggests appellees terminated his employment in furtherance of a RICO conspiracy. Although the District Court drew an improper conclusion from the complaint, we nevertheless agree that *Beck* independently warrants dismissal.

n.4 ("[Appellants] also accuse the defendants of other acts of racketeering . . . .  These acts cannot, however, have proximately caused their job loss, for the simple reason that they occurred a week *after* plaintiffs were terminated from Kurz-Hastings.").[5]

IV.

We will affirm the judgment of the District Court.

---

[5] Although they did not argue so below, appellees now argue the claim preclusion bars Johnson's claims.  Even assuming appellees have not waived this argument by failing to raise it in the first instance, our affirmance of the District Court's Rule 12(b)(6) dismissal obviates any need to address this issue.